IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FPS INVESTMENTS, LLC., <br><br> v. <br><br> AZTECA MILLING L.P. AND SEAFLEX, INC. D/B/A FLEXIBLE LIFELINE SYSTEMS. | CA No. 4:07-cv-01303- JCH <br><br> CONSOLIDATED |

## STIPULATED PROTECTIVE ORDER

By and with the consent of FPS Investments, LLC, Fall Protection Systems, Inc., Azteca Milling L.P. and Flexible Lifeline System, the following Protective Order shall govern the dissemination of certain documents and information produced or provided during the course of the above-referenced lawsuit.

It is hereby ORDERED that:

1.  The following procedure shall govern the production of all materials during discovery in this action, including without limitation, answers to interrogatories, requests for admissions, all documents produced by parties or non parties, responses to subpoenas *duces tecum*, deposition testimony, and information contained therein, and information provided during any settlement discussions (collectively the "Discovery Materials") that are designated as confidential pursuant to Paragraph 2 below, including all copies, excerpts, summaries and information derived from them (collectively "Confidential Materials").

2.  Any party or non party producing Discovery Materials may designate Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    (a)   Information or materials designated as "CONFIDENTIAL" shall include all information of a proprietary business or technical nature that might be of value to an actual or

potential competitor of the designating party and that the designating party reasonably believes should be protected from disclosure.

(b) Information or materials designated as "HIGHLY CONFIDENTIAL" shall be information of the most sensitive nature that, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party and that includes, as a major portion, subject matter believed to be unknown to the receiving party or parties.

(c) Information or material that is available to the public, including catalogs, advertising materials, and the like shall not be classified as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3. Any party who produces documents or computer media or gives testimony in this lawsuit may designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the following manner:

(a) <u>Designation of Documents</u>: Any "document" (defined herein as including without limitation, exhibits, documents and things, including prototypes and samples, answers to discovery such as interrogatories and responses to requests for admission, motions, briefs, memoranda, deposition or hearing transcripts and oral answers to deposition questions, and copies of any of the foregoing) produced or given by any party during discovery, hearings or trial in this lawsuit that contains any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information (as defined above) may be designated by a party or other producing party with the notation that it is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate. The notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be placed on every page of each document so designated.

(b) <u>Designation of Computer Media:</u> "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information may produced on magnetic disks or other computer-related media. However, "CONFIDENTIAL" information shall be produced separately from "HIGHLY CONFIDENTIAL" information by labeling each disk either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to production. In the event a receiving party generates any "hard copy" or printout from any such disks, that party must immediately stamp each page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate and the hard copy or printout shall be treated as provided herein for such categories.

(c) <u>Rule 34 Production of Documents:</u> In the event a party elects to produce items for inspection under Rule 34, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all items produced shall be considered as designated and as marked "HIGHLY CONFIDENTIAL." Upon selection of specified items for copying, the producing party may designate and mark the copies of such items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, prior to producing the copies to the inspecting party.

(d) <u>Deposition Testimony:</u> Deposition testimony shall be considered "HIGHLY CONFIDENTIAL" during each deposition and for ten (10) business days from the date the transcript of that deposition is made available to the designating party. Within ten business days from the date a deposition transcript is made available, the designating party shall identify by page number and line number the portion(s) of that deposition transcript that shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

4. Should any party to whom Confidential Materials are produced object to the classification of such materials as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL," and should the objecting party and the producing party or non party be unable to resolve the

objection informally, the objecting party may move the Court for an order determining whether the materials are properly designated. Until a motion is filed and resolved by the Court, all materials designated confidential shall be treated as Confidential Materials of the class in which they are designated.

5. "HIGHLY CONFIDENTIAL" materials may be disclosed only to the following:

(a) Outside counsel of record for any party to this action, including employees of such attorneys to whom it is necessary that the material be shown for purposes of this lawsuit;

(b) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this lawsuit;

(c) Court reporters and videographers hired to record deposition testimony in this lawsuit, and support vendors hired for such services such as copying, document management, or graphics preparation;

(d) Any stipulated or Court-appointed mediator, or any person so designated by the Court; and

(e) Actual or potential non party experts or independent consultants, not including a party to this lawsuit, provided that each such person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms, such agreement to be in the form of Exhibit A attached hereto. Such executed acknowledgement shall be maintained by counsel and produced upon request. Disclosure of such person to all counsel shall occur at least five (5) business days prior to any disclosure of "HIGHLY CONFIDENTIAL" information or material to such person, provided that during such five-day period, opposing counsel may object in writing, providing a detailed and specific basis for such objection, to disclosure of the "HIGHLY CONFIDENTIAL" information to such person and such objection shall bar the disclosure of the information or material designated as "HIGHLY

HOUDMS/223467.3                                                   4

CONFIDENTIAL" to that person until the parties agree otherwise or until the Court rules otherwise. No objection shall be made under this section unless the objecting party has a good-faith basis for believing that the designated expert or consultant, if given access to "HIGHLY CONFIDENTIAL" information, and notwithstanding such expert's or consultant's execution of a document in the form of Exhibit A attached hereto, would or could utilize said information to the competitive detriment of the designating party in the marketplace. The parties shall attempt in good faith to resolve the issue before involving this Court. The party objecting to the disclosure of designated items to the expert or consultant shall be the moving party, and shall move the Court prior to the expiration of the five-day period.

6. "CONFIDENTIAL" materials may be disclosed to any person listed in Paragraph 5 above and, in addition, may be disclosed to a party, any officer, director, employee or former employee of a party or to any officer, director, employee or former employee of a parent, subsidiary or affiliate of a party disclosure to whom counsel believes in good faith is necessary to assist in the prosecution or defense of this lawsuit, provided that such individual agrees to maintain the confidentiality of the information disclosed in accordance with the terms of this Order by execution of the attached Exhibit A.

7. Nothing contained in this Order shall preclude any party at deposition from showing any Confidential Materials or disclosing information derived therefrom to any witness employed by or affiliated with the party designating such materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Confidential Materials may be shown or disclosed to other witnesses during deposition and/or trial preparation who are authorized to receive such information by the terms of Paragraphs 5 and 6 of this Order, provided that, if such disclosure is at a deposition, only those persons may be present who are authorized by the terms of this Order to receive the confidential information to be disclosed to the witnesses. If a question is asked

during a deposition in this lawsuit regarding or seeking information derived from Confidential Materials, a party may designate the deposition answer, prior to the answer being given, under this Order by stating on the record the level of protection desired. Once an answer to a deposition question is designated under this Order, only the following persons shall be present for the answer: (a) authorized persons corresponding to the level of protection designated; (b) the deponent; and (c) the reporter and videographer.

8.  Any documents, transcripts of deposition, answers to interrogatories or pleadings using, referring to or incorporating "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" materials that are submitted to or filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed with the title of this lawsuit, an indication of the nature of the contents of such sealed envelope, the identity of the party filing the materials, the terms "Confidential-Subject to Protective Order" and a statement in substantially the following form:

**FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER**

This envelope contains materials that have been designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL pursuant to a protective order, and are not to be disclosed or revealed except to the United States District Court for the Eastern District of Missouri.

9.  Not later than ninety (90) calendar days after final termination of this lawsuit by judgment, settlement or otherwise from which all appeals have been exhausted, all designated items disclosed under the terms of this Order, including all copies thereof and all items derived from such items, shall be destroyed or delivered to the counsel for the designating party, unless otherwise agreed in writing. If items designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are destroyed as authorized herein, the party destroying such "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" items will provide the disclosing

party with written notice certifying that all "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" materials have been destroyed.

10. This Order, the fact of its adoption or entry, and any provision of this Order or form attached to this Order, shall not be admissible for any purpose of this lawsuit, except to the extent necessary to enforce the terms of this Order.

11. Nothing in this Order shall preclude any party from applying to the Court for any modification of the Order or for any other or further relief. Nor shall anything in this Order preclude any party from making any claim of privilege as to any information requested by another party. Failure to designate Discovery Materials as Confidential Materials shall not constitute a waiver of any other claim of privilege.

12. In the event that a disclosing party inadvertently fails to designate any document or information as Confidential Materials pursuant to Paragraphs 3(a)-(c), it may later designate, but not later than sixty (60) calendar days following the production of said documents or information, such document or information by notifying counsel for all receiving parties in writing, identifying the particular documents or information it wishes to so designate. Counsel for the receiving parties shall thereafter: (1) use reasonable efforts to retrieve all such particular documents or information and all copies thereof; (2) mark the particular documents or information and all copies thereof with the appropriate legend as set forth in Paragraph 3 hereof; and (3) treat the document or information and all copies thereof in accordance with the designation. The inadvertent disclosure of privileged information does not constitute waiver of any privilege, provided that the party making the inadvertent disclosure of privileged information so notifies the other party within ten business (10) days of learning of the inadvertent disclosure of privileged information. It shall be understood, however, that no person or party shall be

considered to have violated the terms of the Stipulated Protective Order with respect to any disclosure that occurred prior to receipt of written notice of a belated designation. *Order to be lifted*

4/10/2010

Dated: 4 9 /10

*Jean C Hamilton*
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

APPROVED BY:

MUNSCH HARDT KOPF & HARR, P.C.

*[signature]*

Michael D. Pegues
3800 Lincoln Plaza
500 N. Akard Street
Dallas, TX 75201-6659
Telephone: 214 855-7500
Facsimile: 214 855-7584

ATTORNEYS FOR FPS INVESTMENTS, LLC.
AND FALL PROTECTION SYSTEMS, INC.

BAKER & McKENZIE LLP

*[signature]*

Lisa H. Meyerhoff (admitted *pro hac vice*)
Email: lisa.meyerhoff@bakernet.com
Texas Bar No. 14000255
Myall S. Hawkins (admitted *pro hac vice*)
Email: myall.hawkins@bakernet.com
Texas Bar No. 09250320
Todd Y. Brandt (admitted *pro hac vice*)
Email: todd.brandt@bakernet.com
Texas Bar No. 24027051
Valerie K. Friedrich (admitted *pro hac vice*)
Email: valerie.k.friedrich@bakernet.com
Texas Bar No. 00790721
Pennzoil Place, South Tower
711 Louisiana, Suite 3400
Houston, TX 77002-2746
Telephone No. +1 713 427 5000
Facsimile No. +1 713 427 5099

ATTORNEYS FOR AZTECA MILLING L.P.
AND SEAFLEX, INC. D/B/A FLEXIBLE
LIFELINE SYSTEMS