UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FPS INVESTMENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1303 (JCH) |
| ) | |
| AZTECA MILLING L.P., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The matter is before the Court on Defendant's Ex Parte Motion (Doc. No. 54), filed June 4, 2008, asking the Court to determine whether it has waived the attorney-client privilege for certain documents due to its assertion of the advice of counsel defense.

In general, the attorney-client privilege protects disclosure of communications between a client and his attorney. United States v. Zolin, 491 U.S. 554, 562 (1989). This privilege is waived, however, when a party announces that it will rely on the advice of counsel defense to a claim of willful patent infringement. In re Echostar Communications Corp., 448 F.3d 1294, 1299 (Fed. Cir. 2006).[1] In Echostar, the Federal Circuit explained that when the advice of counsel defense is asserted, a party:

> waives its immunity to any document or opinion that embodies or discusses whether a patent is valid, enforceable, and infringed by the accused. This waiver . . . includes not only any letters, memorandum, conversation, or the like between the attorney and his or her client, but also includes, when appropriate, any documents referencing a communication between attorney and client.

---

[1] Because this waiver involves substantive questions of patent law, the Court applies the law of the Federal Circuit. See In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 803-04 (Fed. Cir. 2000).

1

Echostar, 448 F.3d at 1304. The Federal Circuit has explained that "[t]he widely applied standard for determining the scope of waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter." Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1349 (Fed. Cir. 2005). This waiver extends "beyond the document initially produced out of concern for fairness" so that the party cannot use attorney-client privilege as both a sword and a shield. Id. As such, this waiver is only limited by subject matter, not by the time of a document's creation. See V. Mane Fils S.A. v. Int'l Flavors & Fragrances, Inc., --- F.R.D ---, 2008 WL 619207, at *4 (D. N.J. Mar. 4, 2008). (holding that documents, created four years after the non-infringement opinion, are discoverable because they are about the same subject matter); Informatica Corp. v. Bus. Objects Data Integration, Inc., 454 F. Supp. 2d 957, 965 (N.D. Cal. 2006) (allowing discovery of "pre-filing and post-filing work product" because it "is potentially relevant to alleged infringer's intent where there is an allegation of continuing infringement."); Akeva L.L.C. v. Mizuno Corp., 243 F. Supp. 418, 423 (M.D.N.C. 2003) ("once a party asserts the defense of advice of counsel, this opens to inspection the advice received during the entire course of the alleged infringement.").

After reviewing the documents submitted by Defendants and applying the standard discussed above, the Court finds that Defendants waived the attorney-client privilege with regards to Documents 1-6A, 7-8. It is also waived the privilege for Document 6D, with the exception of the first three lines of text at the top of the page. See Echostar, 448 F.3d at 1304 (noting that documents may be redacted to prevent the disclosure of privileged information). Specifically, these documents embody and discuss Defendants' communications with its counsel about whether its patents infringe on Plaintiff's patents. Such communications are discoverable under Echostar.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall disclose Documents 1-6A, 7-8 to Plaintiff.

**IT IS FURTHER ORDERED** that Defendants shall disclose, after redacting the first three lines of text, Document 6D.

Dated this 10th day of June, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE